# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DON JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:09CV482 AGF |
| CHRYSLER LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964.

On March 24, 2009, the Office of the Clerk received plaintiff's complaint and assigned it the instant case number. Plaintiff, however, submitted neither the $350 filing fee nor a motion for leave to proceed in forma pauperis as required by this Court's local rules. See Local Rules 2.01(B) and 2.05(A); see also 28 U.S.C. § 1915. Because plaintiff is proceeding pro se, the Court will give him the opportunity to submit either the $350 filing fee or a proper motion and affidavit to proceed in forma pauperis. The Court will instruct the Clerk to forward to plaintiff a form "Motion to Proceed Without Prepayment of Costs and Affidavit in Support Thereof" and a CJA Form 23 Financial Affidavit.

Furthermore, the Court notes that although plaintiff has submitted his Title VII action on one of this Court's standard "complaint" forms, he has not attached a copy

of his administrative charge of discrimination and/or his right to sue letter. In fact, plaintiff has indicated in his complaint that he doesn't remember if he filed a charge of discrimination with an administrative agency and he has not received a right to sue from the Equal Employment Opportunity Commission ("EEOC"). Because filing a charge of discrimination and obtaining a notice of right to sue from the EEOC is a prerequisite to maintaining a Title VII complaint, the Court will order plaintiff to either file copies of his charge of discrimination and right to sue or provide the Court with an explanation as to why he is not in possession of these administrative documents. See, e.g., 42 U.S.C. § 2000e-5(f)(1) (in order to maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall forward to plaintiff a form "Motion to Proceed Without Prepayment of Costs and Affidavit in Support Thereof" and a CJA Form 23 Financial Affidavit.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this order to either pay the statutory filing fee of $350 or return a completed form "Motion to Proceed Without Prepayment of Costs and Affidavit in Support Thereof" and a CJA Form 23 Financial Affidavit.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the filing fee or to submit a form "Motion to Proceed Without Prepayment of Costs and Affidavit in Support Thereof" and a CJA Form 23 Financial Affidavit within thirty (30) days from the date of this order, the Court will dismiss this action without the filing of the complaint.  See Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if plaintiff submits the form motion and financial affidavit within thirty (30) days from the date of this order, the Clerk of Court shall cause this action to be resubmitted to the Court for review under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this Order, plaintiff shall submit to the Court a copy of his charge of discrimination and right to sue.  If plaintiff fails to submit a copy of his charge of discrimination and right to sue letter within thirty (30) days from the date of this Order, the action will be dismissed, without prejudice.

Dated this 13th day of April, 2009.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE